**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE DE JESUS IBARRA MORENO, | No.    15-70144 |
| Petitioner, | Agency No. A075-111-778 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before:      CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Felipe de Jesus Ibarra Moreno, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

_____

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the agency's determination that Ibarra Moreno failed to demonstrate a nexus between the harm he experienced or fears in Mexico and a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").   Thus, Ibarra Moreno's withholding of removal claim fails.

We do not reach Ibarra Moreno's remaining contentions regarding withholding of removal.  *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("We may affirm the [agency] only on grounds set forth in the opinion under review.").

Substantial evidence also supports the agency's denial of CAT relief because Ibarra Moreno failed to show it is more likely than not that he would be tortured by

15-70144

or with the consent or acquiescence of the government if returned to Mexico. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**